# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| RONALD TODD COLLINS, : | |
| : | |
| Plaintiff, : | |
| vs. : | |
| : | CIVIL ACTION NO:1:03-CV-169-WLS) |
| : | |
| : | |
| DECATUR COUNTY BOARD OF : | |
| COMISSIONERS, dba DECATUR : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| COUNTY CORRECTIONAL INSTITUTE : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| and JAMES MILLER, WARDEN, DECATUR : | |
| COUNTY CORRECTIONAL INSTITUTE[1], : | |
| Defendants. : | **ORDER** |

Plaintiff, **RONALD TODD COLLINS**, formerly an inmate at the Decatur County Correctional Institute in Bainbridge, Georgia filed this pro se civil rights complaint under 42 U.S.C. § 1983, on November 14, 2003, alleging violations of his Eighth Amendment Constitutional Rights. The court granted plaintiff's application to proceed *in forma pauperis* and ordered him to supplement his complaint on March 24, 2004. Plaintiff's supplement to his complaint was filed on April 23, 2004.

*Application to proceed in forma pauperis*

The court notes that when the plaintiff initially filed this action in November 2003, he was no longer incarcerated, having been released from custody during September 2003. Approximately eighteen months have passed since plaintiff submitted his original application. Accordingly, the court now deems it appropriate for the plaintiff to submit an updated affidavit in support of his

---

[1] Plaintiff was ordered by the court to supplement his complaint. In the supplemental complaint plaintiff added James Miller as a defendant.

request to proceed *in forma pauperis*.  The clerk of this court is hereby ordered to mail a blank affidavit form to plaintiff at his last known address.  Plaintiff is ordered to complete the affidavit and return it to this court within thirty (30) days of the date of this order.  The court will consider the affidavit and determine the propriety of allowing the plaintiff to continue to proceed *in forma pauperis*.

*Second Order that Plaintiff supplement his complaint his medical claims*

Although it appears that plaintiff made a good faith effort to supplement his complaint and provide sufficient information for the court to determine the propriety of allowing this matter to proceed, the court has determined that additional information is needed.  In view of his *pro se* status plaintiff will be given one last opportunity to supplement his claim of deliberate indifference to a serious medical need.  This supplement must be received by the court within thirty (30) days of the date of this order.

In paragraph two of his first supplemental complaint plaintiff provides rather detailed information on the dates he alleges that he was denied needed medical treatment and of his efforts to obtain the medical treatment he maintains he needed.  However, plaintiff has still failed to identify the individuals who allegedly denied him treatment.  If plaintiff is of the opinion that a nurse or nurses denied him treatment he must provide their names and current addresses for service.  The same is true for a doctor or doctors and or correctional officers employed at Decatur County Correctional Institute. Broad sweeping allegations that the Decatur County Board of Commissioners or the Decatur County Correctional Institute denied him needed medical care are insufficient.  As a general rule *respondeat superior* does not apply in § 1983 cases and the correctional institute is not a person within the meaning of § 1983. Plaintiff must name (and provide good addresses for service

of the complaint) the individuals who he claims denied him the needed medical treatment.

As an aside, plaintiff is advised that a mere difference of opinion as to the frequency and level of medical care indicated or required between a trained medical practitioner and a lay person does not rise to the level of a constitutional violation. Likewise, negligence in failing to provide adequate medical care does not rise to the level of deliberate indifference so as to violate the Eighth Amendment. In the event that the plaintiff fails to provide the information required by this order within thirty (30) days of the date of this order the undersigned will have no choice other than to recommend dismissal of plaintiff's claims.

**SO ORDERED**, this 26th day of May, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE