IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RONALD TODD COLLINS, | : |
| | : |
| Plaintiff, | : |
| vs. | : |
| | : CIVIL ACTION NO:1:03-CV-169-WLS) |
| | : |
| | : |
| DECATUR COUNTY BOARD OF | : |
| COMMISSIONERS, dba DECATUR | : |
| COUNTY CORRECTIONAL INSTITUTE | : |
| and JAMES MILLER, WARDEN, DECATUR | : |
| COUNTY CORRECTIONAL INSTITUTE[1], | : |
| Defendants. | : |

**RECOMMENDATION OF DISMISSAL FOR FAILURE TO SUPPLEMENT COMPLAINT**

Plaintiff, a former inmate at the Decatur County Correctional Institute, filed this *pro se* § 1983 complaint on November 14, 2003 (document # 2). On March 24, 2004 the undersigned granted plaintiff's motion to proceed *in forma pauperis* and ordered that he supplement his complaint (document # 4). On April 23, 2004, plaintiff submitted a supplemental complaint (document # 5).

At this point plaintiff's file evidently became misplaced as the next activity was in the from of a letter from the undersigned dated April 28, 2005, inquiring as to plaintiff's continued interest in pursuing this matter in view of the passage of time (document # 6). Plaintiff responded to the letter via telephone indicating his continued interest in pursuing this matter.

The gravaman of plaintiff's complaint is alleged deliberate indifference to a serious

---

[1] Plaintiff was ordered by the court to supplement his complaint. In the first supplemental complaint plaintiff added James Miller as a defendant.

medical condition. Plaintiff alleges that while detained at Decatur County Correctional Institute he was injured on a work detail for which he received inadequate medical attention from the medical staff and this amounted to deliberate indifference.

In view of the time that had passed since the filing of his original financial affidavit in support of his motion to proceed *in forma pauperis* and the fact that he was not in custody, plaintiff was ordered on May 26, 2005, to submit an updated financial affidavit (document # 7). That same order directed plaintiff to file another supplement to his complaint to identify by name(s) that individual or those individuals who plaintiff maintained denied him needed medical attention and treatment. That order also directed that the supplement must be filed within thirty (30) days of the date of the order barring which the undersigned would recommend that the complaint be dismissed.

That the plaintiff received the May 26, 2005, order can not be questioned as on June 3, 2005, he submitted a financial affidavit as ordered (document # 8). One hundred and nineteen (119) days have elapsed since the order of May 26, 2005, and the plaintiff has not supplemented the complaint as ordered. This case has been filed for almost two years and there is no individual defendant identified that may be served with the complaint.[2]

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution.

---

[2] As was earlier noted, this file was evidently misplaced as shown by the year of inactivity from April 2004, through April 2005.

Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989).  The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

     A review of this action as set out above reveals a clear record of delay or willful contempt on the part of the plaintiff.  The plaintiff has had more than adequate time to supplement his complaint as ordered on May 26, 2005, but he has failed to do so. The undersigned is aware that no defendant has been served with the complaint.  However plaintiff, who was initially advised of his responsibility to diligently prosecute his case or face the possibility of dismissal has clearly not done so as evidenced by his failure to identify the party or parties who denied him medical treatment.  Based on the above findings, the court finds that lesser sanctions will not suffice herein. Accordingly, it is the RECOMMENDATION of the undersigned that the plaintiff's case be dismissed for his failure to prosecute same.

     Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

     SO RECOMMENDED, this 22nd day of September 2005.

                                             /s/ Richard L. Hodge
                                             RICHARD L. HODGE
                                             UNITED STATES MAGISTRATE JUDGE